UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6200-GW-AGRx | Date | October 24, 2022 |
|---|---|---|---|
| Title | *Defense Distributed v. Robert Bonta, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | Terri A. Hourigan | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Cameron J. Schlagel<br>Michael B. Reynolds | Sean C. Woods, CAAG |

**PROCEEDINGS:**      **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [14]**

    Plaintiff Defense Distributed's Motion for Preliminary Injunction ("Motion") came on for hearing before this Court. After considering the moving and opposition papers plus concomitant evidentiary submissions, the pleadings, and the oral argument of counsel, the Court adopts its Tentative Ruling (*see* ECF No. 19) as its final decision on the Motion and DENIES Plaintiff's request for a preliminary injunction.

    In further response to an argument made by Plaintiff's counsel at the hearing, the Court already explained in-detail in both its Tentative Ruling and at oral argument why it reads *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), as asking the "plain text" question before there is a determination that any history need be consulted, using multiple examples from the discussion in *Bruen* itself to justify that understanding. In part, Plaintiff responded that *Bruen* clearly ended the "two- step approach" that had been employed post-*Heller* and post-*McDonald* and, in that process, stated that it was "one step too many." That is no doubt true. But as the Court reads *Bruen*, that move to a "single-step" process only applies in situations where the plain text of the Second Amendment covers an individual's conduct that a government has attempted to regulate. That is – as also explained in the Tentative Ruling and at oral argument – not the situation here. The regulation at issue in *Bruen* (and *Heller* and *McDonald*, for that matter) has nothing to do with California's legislative efforts (*i.e.*, AB 1621) here. As a result, while the "single-step" discussion is an almost-certainly accurate assessment of *Bruen*, it is merely an interesting, academic debate so far as this case is concerned. It has no controlling effect here.

|   | : | 25 |
|---|---|---|
|   | Initials of Preparer | JG |